UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| Case Title: | Felix Carabajal Valencia Jr. |
| Case Number: | 05-14976 |

## Document Information

| | |
|---|---|
| Description: | Order Granting in Part, Denying in Part [19-1] Objection To Exemption by Philip J. Montoya Granting in Part, Denying in Part [10-1] Objection To Exemption by Philip J. Montoya . SEE ORDER for specific details. |
| Received on: | 2006-05-03 14:06:08.000 |
| Date Filed: | 2006-05-03 00:00:00.000 |
| Date Entered On Docket: | 2006-05-03 00:00:00.000 |

## Filer Information

| | |
|---|---|
| Submitted By: | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO**

In re: FELIX CARABAJAL VALENCIA, JR.,    No. 7-05-14976 ML

Debtor.

## ORDER ON TRUSTEE'S OBJECTION TO DEBTOR'S
## AMENDED CLAIMS OF EXEMPT PROPERTY

THIS MATTER is before the Court on the Trustee's Objection to Debtor's Amended Claims of Exempt Property ("Objection to Exemption").[1] The Chapter 7 Trustee, Philip J. Montoya, by and through his attorneys of record, Moore, Berkson & Gandarilla, P.C. (Bonnie B. Gandarilla), objected to the Debtor's claimed exemption in certain funds the Debtor deposited pre-petition into an existing Individual Retirement Account ("IRA") representing proceeds from a sale of certain real property, and objected to the Debtor's claimed exemption in an unspecified amount in proceeds from a possible lawsuit on a claim for money damages.[2] At a preliminary hearing on the Objection to Exemption, the parties agreed that the Court could decide the question of law based on letter memoranda, and the Court directed the parties to submit letter memoranda in support of their positions. In a related adversary proceeding, the Chapter 7 Trustee filed a complaint against the Debtor to recover the funds from the sale of real property that the Debtor contributed pre-petition to an existing IRA as a fraudulent transfer pursuant to 11

---

[1]The Chapter 7 Trustee also filed an objection to the Debtor's initial claimed exemptions (*See* Docket # 10), which the Chapter 7 Trustee incorporates to the extent necessary into the later-filed Objection to Exemptions.

[2]The Debtor concedes that he has less than $1,000.00 in the exemption provided under 11 U.S.C. § 522(d)(5) which could be used to claim an exemption in the proceeds from the possible lawsuit based on a claim for $7,700.00, and has agreed to file amended schedules to specify an amount for his claim of exemption in the possible lawsuit. *See* Debtor's Letter Memorandum Supporting Debtor's Amended Claim of Exemption.

1

U.S.C. § 548.[3]

After reviewing the memoranda submitted by counsel, and being otherwise sufficiently informed, the Court finds that if the Chapter 7 Trustee prevails in the adversary proceeding, the Debtor cannot claim an exemption in the additional funds deposited into his IRA. The Objection to Exemption will, therefore, be sustained to the extent the Chapter 7 Trustee recovers as a fraudulent transfer any funds at issue in Adversary No. 05-1277M. The following relevant facts are not in dispute:

1. Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 17, 2005.

2. Within one year of the filing of the bankruptcy, the Debtor sold two acres of undeveloped real property.

3. From the proceeds of the sale of the real property, Debtor deposited 5,403.81 into an existing IRA. The deposit into the IRA occurred within one month of the filing of the bankruptcy proceeding.

4. Debtor's original Schedule C reflected the following claimed exemptions:

| Description | Authority for claimed Exemption | Amount |
| --- | --- | --- |

---

[3] *See* Adversary No. 05-1277 M. The Trustee filed a complaint to recover fraudulent transfer under 11 U.S.C. § 548, and for turnover under 11 U.S.C. § 542. Defendant filed a motion to dismiss the adversary proceeding under Rule 12(b)(6), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7012(b), Fed.R.Bankr.P. The Court denied the Defendant's request for dismissal, finding that the Chapter 7 Trustee's complaint sufficiently stated a cause of action under 11 U.S.C. § 548. (*See* Order Denying Defendant's Motion to Dismiss - Docket # 7).

| | | |
|---|---|---|
| IRA | 11 U.S.C. § 522(d)(10)(E) | $15,560.00[4] |
| Possible lawsuit on claim for $7,700 in money damages . . . | 11 U.S.C. § 522(d)(5) | As needed |
| Debtor reserves right to amend schedules to take advantage of $5,375 in unused exemptions . . . | 11 U.S.C. § 522(d)(5) | As needed |

5. On December 7, 2005, the Chapter 7 Trustee filed a Complaint to Recover Fraudulent Transfer and For Turnover requesting a determination that the deposit by the Debtor of the proceeds from the sale of real property into an existing IRA within one year of the filing of the bankruptcy is a fraudulent transfer under 11 U.S.C. § 548, and requesting turnover of such funds under 11 U.S.C. § 542. *See* Adversary Proceeding No. 05-1277 M.

6. On January 6, 2006, Debtor filed Amended Schedules B and C which reflected the following claimed exemptions:

| Description | Authority for claimed Exemption | Amount |
|---|---|---|
| Net deposit into IRA on May 31, 2005 | 11 U.S.C. § 522(d)(5) | $5,403.81 |
| IRA established in | 11 U.S.C. § 522(d)(10)(E) | $9,341.69 |

---

[4]The Trustee originally objected to the Debtor's claim of exemption under 11 U.S.C. § 522(d)(10)(E), asserting that the plan may not qualify under the Internal Revenue Code as required by 11 U.S.C. § 522(d)(10)(E)(iii). Given that the Debtor amended his exemptions to claim the portion representing the proceeds from his sale of real property that he contributed to his existing IRA under the general exemption category of 11 U.S.C. § 522(d)(5), that the subject of the Trustee's adversary proceeding is the proceeds from the sale, and that the Supreme Court has determined in *Rousey v. Jacoway,* 544 U.S. 320, 125 S.Ct. 1561, 161 L.Ed.2d 563(2005), that an IRA qualifies as exempt property within the meaning of 11 U.S.C. § 522(d)(10)(E), the Court need not address further the Trustee's original objection to the Debtor's claim of exemption in the IRA.

3

>               1991. Balance shown
>               before May 31, 2005
>               deposit (shown separately)
>               which was the net deposit from
>               sale of Debtor's real property
>
> Possible lawsuit on       11 U.S.C. § 522(d)(5)              As needed
> claim for $7,700 in
> money damages . . .

7.  Adversary Proceeding No. 05-1277 M remains pending.

## DISCUSSION

The Chapter 7 Trustee contends that in accordance with 11 U.S.C. § 522(g), the Debtor may not claim an exemption under 11 U.S.C. § 522(d)(5) in the $5,403.81 pre-petition deposit into the Debtor's existing IRA.  Section 522(g) provides:

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if --
>                    (1)(A) such transfer was not a voluntary transfer of such property
>                           by the debtor; and
>                        (B) the debtor did not conceal such property; or
>                    (2) the debtor could have avoided such transfer under subsection
>                           (f)(2) of this section.

11 U.S.C. § 522(g).

This section bars a debtor from claiming an exemption in property the debtor transferred voluntarily which is later recovered by the Chapter 7 trustee under one of the trustee's avoidance powers.  *See, In re Duncan,* 329 F.3d 1195 (10th Cir. 2003)(holding that § 522(g) barred debtor from claiming exemption in interest in property the debtor voluntarily transferred pre-petition to himself and his wife as tenants by the entirety which was previously owned by the debtor in fee simple and which transfer the trustee successfully set aside as fraudulent); *Redmond v. Tuttle,*

4

698 F.2d 414, 417 (10th Cir. 1983) ("Property fraudulently transferred out of an estate and later recovered by the trustee cannot then be exempted by the debtor."); *In re Bryant,* 221 B.R. 262, 264 (Bankr.D.Colo. 1998) (in accordance with § 522(g), upon trustee's avoidance of debtor's fraudulent transfer of her interest in jointly owned homestead property to her husband, debtor was not allowed to claim homestead exemption). "[T]he purpose of section 522(g) is to prevent a debtor from claiming an exemption in recovered property which was transferred in a manner giving rise to the trustee's avoiding powers, where the transfer was voluntary or where the transfer or property interest was concealed." *Hitt v. Glass (In re Glass),* 164 B.R. 759, 764 (9th Cir. BAP 1995), *aff'd* 60 F.3d 565 (9th Cir. 1995) (citation omitted).

In this case the Chapter 7 Trustee has initiated an adversary proceeding to recover the transfer at issue under 11 U.S.C. § 548. Debtor does not contest the fact that prior to the filing of his bankruptcy proceeding he sold certain real property and voluntarily contributed the proceeds to an existing IRA. Thus, in the event that transaction is determined to constitute a fraudulent transfer under 11 U.S.C. § 548, the Debtor would not be entitled to claim an exemption in the recovered funds. 11 U.S.C. § 522(g).

Debtor contends that because the funds at issue were under his control, both before and after the transfer into his existing IRA, they remained property of the estate at all times. Because the funds which constitute property of the estate remained subject to administration by the trustee, the Debtor asserts that he cannot lose his right to claim an exemption in such funds because there was never a need for the trustee to "recover" any funds. In other words, Debtor contests that any transfer occurred. Debtor also argues that the funds at issue remained exempt at all times, from the beginning of the sale through the deposit into the IRA, such that there was

5

no conversion from nonexempt to exempt property that would subject the transaction to 11 U.S.C. § 548.

> Debtor's arguments are misplaced. "Transfer" is defined under the bankruptcy code as
>
> every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption.
>
> 11 U.S.C. § 101(54).

"The legislative history indicates that this definition [of transfer] was intended to be as broad as possible, to encompass *any* change of an interest in the property." 5 Collier on Bankruptcy ¶ 548.02[1][a] (Alan N. Resnick and Henry J. Sommer, eds. 15th ed. rev. 2005) (emphasis in original). For purposes of 11 U.S.C. § 548, "transfer" includes a change in the form of ownership. *See In re Pulliam,* 279 B.R. 916, 920 (Bankr.M.D.Ga. 2002) (debtor's completion of rollover of funds from one IRA to another constituted a "transfer" that could be set aside under 11 U.S.C. § 548 if made with the requisite intend to defraud). *See also In re Baker,* 275 B.R. 892, 896-897 (Bankr.D.Wyo. 2002) (finding that debtors' change in ownership from proceeds of sale of real and personal property to annuity contracts constituted a "conveyance" for purposes of Wyoming Uniform Fraudulent Transfer Act, and was subject to trustee's avoidance powers under 11 U.S.C. § 544); *In re Levine,* 134 F.3d 1046, 1049-1050 (11th Cir. 1998) (applying applicable Florida law and holding that debtor's use of nonexempt funds to purchase exempt annuities constituted a transfer for purposes of trustee's fraudulent transfer action).

> "'[A]ny transfer of an interest in property is a transfer, including a transfer of possession, custody or control even if there is no transfer of title, because possession, custody, and control are interests in property. A deposit in a bank account or similar account is a transfer.'"
>
> *Pulliam,* 279 B.R. at 920 (quoting S.Rep. No. 95-989, 95th Cong.2d Sess. 27 (1978),

6

U.S.Code Cong. & Admin. News 1978, pp. 5787, 5813)).

By selling certain real property and contributing the proceeds to an existing IRA, the Debtor effectuated a transfer within the meaning of 11 U.S.C. § 548. Even though the Debtor still owns the proceeds, by contributing them to his IRA, he changed the form of ownership since the funds which are now held in his IRA are subject to the restrictions attendant to IRAs. *See* 26 U.S.C. § 408(a) (defining individual retirement accounts) and 26 U.S.C. § 72(t) (penalty imposed for early withdrawal before age 59 1/2). *Cf. Pulliam,* 279 B.R. at 920 (finding that debtor's rollover of funds from one IRA into another constituted a change of possession or custody, since the IRA reflected Wachovia Securities, Inc. as custodian).

Debtor's second argument, that the funds remained exempt at all times, also fails. While it is true that the exemption amount available under 11 U.S.C. § 522(d)(5) is sufficient to cover the amount at issue, whether they were in the form of the proceeds from the sale, or as an additional deposit into the Debtor's existing IRA, the existence of a "potential exemption" under applicable bankruptcy statutes fails to defeat a fraudulent transfer action under 11 U.S.C. § 548 because at the time the transfer was made, the funds at issue were not fully exempt under applicable state law. *See In re Smoot,* 265 B.R. 128, 137 (Bankr.E.D.Va. 1999), *aff'd, Tavenner v. Smoot,* 257 F.3d 401 (4th Cir. 2001) (holding "that it is possible for a fraudulent transfer of potentially exempt property, whether infected by actual fraud or constructive fraud, to be subject to avoidance pursuant to § 548"). *Cf. In re Kester,* 339 B.R. 749, 756 n. 34 (10th Cir. BAP 2006) (noting that because the property the debtors transferred to their self-settled revocable trusts remained property of the estate under applicable Kansas law, the later acquisition of the trust property by the trustee did not constitute a recovery of assets that would cause the debtors to lose

7

their exemption due to the application of 11 U.S.C. § 522(g)).

"[A]ll property, including potentially exempt property, is part of the estate until the debtor claims an exemption." *Smoot,* 265 B.R. at 136.  Thus, unless and until the Debtor filed his petition and claimed an exemption, the property at issue cannot be considered exempt under 11 U.S.C. § 522(d)(5).  And the Debtor's ability to claim an exemption under applicable bankruptcy law is tempered by 11 U.S.C. § 522(g) if the Debtor voluntarily transferred property which the Trustee later recovers under one of the available avoidance powers.

At the time the transfer was made, the exemptions available to the Debtor were those set forth in the New Mexico exemption statutes, not the exemptions available under 11 U.S.C. § 522(d), and the property at issue was not fully exempt under applicable New Mexico law.  Under New Mexico law, all funds in a retirement account are exempt. *See* N.M.S.A. § 42-10-1 (Cum. Supp. 2005) (" . . . any interest in or proceeds from a pension or retirement fund . . . is exempt . . ."); *Dona an Savings and Loan Ass'n v. Dofflemeyer,* 115 N.M. 590, 593, 855 P.2d 1054, 1057 (1993) ("On their face the statutes allow for unlimited exemptions for life insurance, annuities, and pension and retirement funds.").  The exemption in cash under applicable New Mexico law is limited to $500.00.  N.M.S.A. 1978 § 42-10-1 (Cum. Supp. 2005) ("Personal property in the amount of five hundred dollars . . . is exempt . . .").  The Debtor took proceeds from the sale of real property which were subject to a maximum $500.00 exemption under applicable New Mexico law and deposited them into an IRA which is completely exempt under New Mexico law.  Had the Debtor not made the deposit into his IRA and had the cash on hand when he filed his bankruptcy, he could have claimed an exemption in the proceeds under 11 U.S.C. § 522(d)(5) upon filing for bankruptcy.  But the effect of making the pre-petition deposit into his IRA was to

8

shield the proceeds from creditors under the applicable New Mexico exemption statutes. *Cf. Dofflemeyer,* 115 N.M. at 593, 855 P.2d at 1057 (holding that the exemption statutes allow for exemptions in retirement funds, but do not allow a debtor to shelter assets from creditors if to do so would perpetrate a fraud on the debtor's creditors). Consequently, the Debtor cannot claim that there was no potential harm to creditors because the transfer involved only exempt property. *Cf. In re Treiber,* 92 B.R. 930, 932 (Bankr.N.D.Okla. 1988) (finding that transfer of property which is totally exempt under state law can never be avoided as a preference because no creditor could be harmed); *Smoot,* 265 B.R. at 135-135 (finding that property which could have been claimed exempt under applicable state law had the transfer not occurred could not be recovered by the trustee under 11 U.S.C. § 544). The Court, therefore, finds that transfer is subject to the trustee's avoidance powers.

Whether such transfer was fraudulent under 11 U.S.C. § 548 is a separate inquiry, and remains the subject of Adversary Proceeding No. 05-1277 M. And while a debtor's conversion of non-exempt property to exempt property is not fraudulent *per se,* it can, under certain circumstances, constitute a fraudulent transfer under 11 U.S.C. § 548 subject to recovery by the trustee. *See, e.g., In re Kemmer,* 265 B.R. 224, 231 and 236 (Bankr.E.D.Ca. 2001) (finding that bankruptcy planning allows for conversion of non-exempt to exempt assets, absent any evidence of fraud, but concluding that debtor's use of proceeds from sale of non-exempt assets to purchase exempt homestead was fraudulent where transfer was made for less than reasonably equivalent value); *In re Dunbar,* 313 B.R. 430, 439 (Bankr.C.D.Ill. 2004) (finding that a debtor's conversion of a non-exempt to an exempt asset is subject to avoidance only if made with actual intent to defraud, but not if based on constructive fraud theory). *See also, In re Carey,* 938 F.2d

9

1073, 1076 (10th Cir. 1991) (ability of debtor to convert non-exempt assets into exempt assets is not absolute; debtor can be denied a discharge based on a conversion of non-exempt to exempt assets in anticipation of filing bankruptcy if the conversion was made with the requisite intent to hinder, delay, or defraud a creditor as required under 11 U.S.C. § 727(a)(2)); *In re Boudrot,* 287 B.R. 582, 585 (Bankr.W.D.Okla. 2002) (conversion of non-exempt assets to exempt assets can serve as grounds for denial of discharge for transfer of assets with intent to hinder, delay or defraud creditors, provided there is some extrinsic evidence of intent to defraud).

Based on the foregoing, the Court concludes that the Debtor's claimed exemption in the deposit of proceeds from the sale of certain real property into an existing IRA remains subject to the Trustee's avoidance powers, and that in the event the Trustee is successful in Adversary Proceeding No. 05-1277 M, the Debtor may not claim an exemption in such funds in accordance with 11 U.S.C. § 522(g).

WHEREFORE, IT IS HEREBY ORDERED that the Trustee's Objection to Exemption is SUSTAINED, to the extent the Trustee is successful in Adversary Proceeding No. 05-1277 M.

ORDERED FURTHER, that within fifteen days of the date a final judgment is entered in Adversary Proceeding No. 05-1277 M, the Debtor shall file an amended Schedule C to reflect a sum certain in his claimed exemption in proceeds from a possible lawsuit valued at $7,700.00.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

10

Case 05-14976-m7    Doc 24    Filed 05/03/06    Entered 05/03/06 15:52:00 Page 11 of 12

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Bonnie Gandarilla  Robert L. Lovett
Attorney for Plaintiff  Attorney for Defendant
PO Box 216  1135 North Solano Drive
Albuquerque, NM 87103  Las Cruces, NM 88001

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545

11